FITCH and another *vs.* HAZELTINE and another.

Where an order to produce witnesses had been extended by the agreement of the parties, it was held, that an order to extend the time to produce witnesses, obtained upon an application ex parte to the chancellor, after the time limited in the first order had expired, but before the expiration of the time as enlarged by the agreement, was regular.

But where the agreement to enlarge the time to produce witnesses contained a stipulation that the defendant should have 15 days to produce testimony on his part, after the examination of a witness named on the part of the complainant had closed, it was held, that this fact should have been stated in the affidavit presented to the chancellor upon the ex parte application, so that a similar provision might have been inserted in the order granted by him; it was also held, that the affidavit should have stated that the time to produce witnesses had been once extended by stipulation, so that the chancellor might have taken this circumstance into consideration in deciding upon the the propriety of granting further time.

June 9th.

AFTER the usual order to produce witnesses had been entered in this cause, and notice thereof served, the parties entered into a stipulation to extend the time to examine the witnesses until the 1st of May, 1831. It was also stipulated, that if the complainants examined W. H. Seward as a witness, the

defendant should have 15 days, after such examination, to pro-
duce testimony on his part.   On the 25th of April the solicitor
for the complainant presented an affidavit to the chancellor,
stating, among other things, that the time for taking testimo-
ny in the cause would expire on the 1st of May.   On this
affidavit an ex parte order was obtained, extending the time
to take testimony for sixty days.

*J. Edwards,* in behalf of the defendant, moved to set aside
this order for irregularity.   He insisted that it was irregular
to obtain an ex parte order, after the time limited by the ori-
ginal order had expired ; although the time had been extend-
ed by stipulation.   At all events, he said, it was improper to
obtain a general order ex parte, thereby annulling the agree-
ment respecting Seward's examination, contained in the stip-
ulation.

*J. Rhoades,* contra, contended that under the 86th rule,
one order to extend the time might be obtained without no-
tice although the time had been previously extended by a
stipulation between the parties.

THE CHANCELLOR.   The 86th rule makes no exception
of the case where the time to produce proofs has been once
extended by the consent of the adverse party.   In this re-
spect it differs from the 125th rule, which contains an ex-
press provision for such a case, in relation to answers and
replications.   It was not therefore irregular to make the ap-
plication, ex parte, within the time given by the stipulation.
As the time was enlarged by the agreement of the parties, it
had not actually expired at the time the ex parte order was ob-
tained.   But as the time had been enlarged by stipulation, that
fact should have been stated in the affidavit, to enable the
chancellor to judge whether further time ought to be grant-
ed under such circumstances.   The special agreement as to
the examination of Seward ought also to have been stated,
so that a similar provision might have been inserted in the
order.   If the facts had all been stated, as they now appear,
I should have extended the time, on the ex parte applica-
tion ; but I should have directed the same provision to be in-

serted in the order which the parties had agreed to in their stipulation. The application to set aside the order for irregularity is denied, but without costs ; and the defendants are to have 15 days, after the examination of Seward, to produce their proofs, provided he is examined as a witness on the part of the complainants, as provided for by the stipulation.